**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THIERNO SANOUSSY BARRY,

Petitioner,

v. Case No. 1:26-cv-02756 KWR-JHR

WARDEN, *Cibola County Correctional Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR, *Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE detention. Petitioner was ordered removed and his removal order is final. Petitioner appears to assert that his detention violates due process and *Zadvydas*. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED** without prejudice.

**BACKGROUND**

Petitioner is a citizen of Guinea detained by ICE at the Cibola County Correctional Center. Petitioner entered the United States in September 2023. He was released into the United States. Petitioner asserts he was detained by ICE on January 10, 2026. Doc. 1 at 15. Petitioner filed a previous habeas petition which was granted in part, and the Court ordered a bond hearing under 8

U.S.C. § 1226(a). On March 27, 2026, an immigration judge ordered Petitioner removed to Uganda. Doc. 7-1 at 3. It appears that Petitioner filed an appeal of his removal order on April 27, 2026. Doc. 1 at 32. That appeal was rejected on April 30, 2026. *Id.* He filed another appeal on June 4, 2026, and that appeal was again rejected on June 8, 2026. Doc. 1 at 33.

Petitioner asserts that his detention violates *Zadvydas*. *See* Doc. 1 at 9-31.

**DISCUSSION**

Petitioner appears to assert that his detention violates due process and *Zadvydas*. As explained below, Petitioner is lawfully detained at this time under 8 U.S.C. § 1231 and *Zadvydas* as he has been detained for less than six months following the entry of a final order of removal. An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner is subject to a final order of removal. Petitioner's order of removal was issued on March 27, 2026. Doc. 7-1 at 3. His removal order became final on or about April 27,

2026, which is thirty days after the issuance of his removal order. Alternatively, he filed his appeal on April 27, 2026, and his appeal was rejected on April 30, 2026. Doc. 1 at 32. He filed another appeal on June 4, 2026, and that appeal was rejected on June 8, 2026. Doc. 1 at 33. Therefore, his removal order became final on April 27, April 30, or June 4, 2026. *See* 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of the appeal period if noncitizen does not file an appeal within that time), *Id.* § 1241.1(a) (stating that removal order is final upon dismissal of an appeal by the Board of Immigration Appeals). Here, whether his order of removal became final on April 27, April 30, or June 4, he has been detained for less than six months after his removal order became administratively final.

Under *Zadvydas*, Petitioner's detention pending his removal from the country is presumptively reasonable for six months. *Zadvydas,* 533 U.S. at 701. Petitioner does not explain why the six-month presumptively reasonable period of detention does not apply here. Although he was granted withholding of removal to Guinea, he does not establish that he cannot be removed to a third country. Rather, he was ordered removed to Uganda. Thus, based on the limited record before the Court, Petitioner appears to be lawfully detained at this time under § 1231 and *Zadvydas.* Petitioner may file a new *Zadvydas* petition once he has been detained for more than six months after his removal order became final.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED without prejudice.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE